UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN D'AMATO AND NANCY D'AMATO ) | CIVIL ACTION |
|     Plaintiffs ) | COMPLAINT |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| STEPHEN PONTIAC CADILLAC, INC. AND ) | |
| CONNEX CREDIT UNION, INC. ) | |
|     Defendants ) | |
| ) | JUNE 24, 2013 |

## COMPLAINT

1. This is an action brought by two consumers against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* the Connecticut Lemon Law ("CLL") Conn. Gen. Stat. §§ 42-179 *et seq.,* the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* Plaintiffs also assert that defendant Connex Credit Union, Inc. ("Connex"), the assignee of the Retail Installment Sales Contract, is liable for their claims against Stephen pursuant to the terms of the contract and Conn. Gen. Stat. § 52-572g.

2. Plaintiff Brian D'Amato ("Brian") is a consumer residing in Bristol, Connecticut.

3. Plaintiff Nancy D'Amato ("Nancy") is a consumer residing in Bristol, Connecticut.

4. Defendant Stephen Pontiac-Cadillac, Inc. ("Stephen") is a Connecticut Corporation that operates a motor vehicle dealership in Bristol, Connecticut.

5. Defendant Connex Credit Union, Inc. ("Connex") is a Connecticut corporation and is engaged in, among other things, accepting assignment of retail installment contracts from motor vehicle dealers, and it is registered as a credit union with the Connecticut Department of Banking.

6. On or around June 1, 2011, Plaintiffs visited Stephen's dealership and purchased a 2009 Hummer H3 (the "Vehicle").

7. Prior to Plaintiffs' purchase, the Vehicle had been repurchased by the manufacturer pursuant to the state lemon law.

8. At the time of sale, neither the nature of the Vehicle's history or the meaning of a manufacturer buyback was explained to Plaintiffs.

9. At the time of sale, Plaintiffs were not provided with the disclosures required by the Connecticut Lemon Law, Conn. Agencies Regs. § 42-179-8.

10. Prior to the sale, a disclosure statement regarding the Vehicle's history was not affixed to the Vehicle in accordance with the requirements of CLL, Conn. Gen. Stat § 42-179 and Conn. Agencies Regs. §§ 42-179-7 and 42-179-9.

11. At the time that it sold the Vehicle to Plaintiffs, Stephen was aware of the Vehicle's history but it intentionally failed to make the required disclosures with the intent of inducing Plaintiffs to enter into the transaction.

12. Plaintiffs decided to purchase the Vehicle without the benefit of the disclosures to which they were entitled and they were harmed by Stephen's failure to comply with the law because they were ignorant of the defects that resulted in the prior buy-back.

13. As part of the Vehicle purchase transaction, Plaintiffs traded in their 2006 Volvo S60 (the "Trade-In").

14. At the time of the transaction, Plaintiffs owed approximately $13,700 on the trade in Vehicle, which was equal to the Vehicle's retail value.

15. Stephen provided Plaintiffs with a $14,500 allowance for the trade in, which exceeded the Vehicle's retail value by approximately $800.

16. Following the purchase of the Vehicle, Plaintiffs experienced significant mechanical defects with the Vehicle, including difficulty starting the car, and a leaking roof.

17. On or around March 27, 2013, Plaintiffs visited Crowley Ford Lincoln Mercury ("Crowley") with the intention of trading the Vehicle in for a new vehicle.

18. The Crowley representative with whom Plaintiffs spoke informed them that the Vehicle was a manufacturer buyback and that, as a result of its history, the value of the Vehicle was significantly impaired.

19. Following this exchange, Plaintiffs examined the Vehicle's purchase paperwork and discovered that Stephen had sold them guaranteed asset protection ("GAP") insurance, credit life insurance and credit disability insurance at a combined price of $3,938.93.

20. Plaintiffs did not request or require these products and Stephen did not disclose these charges to Plaintiffs at the time of sale.

21. Plaintiffs believe, and accordingly allege, that these products were included as an incident of financing, because they would not have been charged in a cash transaction and they were not desired by Plaintiffs.

22. Pursuant to Conn. Gen. Stat. § 42-184, through its violations of CLL, Stephen has engaged in an unfair or deceptive trade practice in violation of CUTPA.

23. As a result of Stephen's conduct, Plaintiffs have suffered ascertainable losses including, but not limited to, purchase of a vehicle which they did not desire, deprivation of their legal rights, and diminished value of the Vehicle.

24. For Stephen's violations of CUTPA, Plaintiffs are entitled to their damages and, in the discretion of the court, attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

25. Stephen's inaccurate itemization of the amount financed by inflating the amount provided for the trade-in and increasing the price of the Vehicle constituted a violation of TILA for which Plaintiffs have suffered actual damages.  Specifically, if they had realized the extent to which they were refinancing the loan on the prior vehicle in the new loan, they might not have proceeded with the transaction.

26. Stephen further violated TILA by adding $3,938.93 worth of charges that were not requested or desired by Plaintiffs, entitling them to statutory damages.

27. For Stephen's violations of TILA, Plaintiffs are entitled to their actual damages, statutory damages of $2,000 and a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

28. Stephen has also violated RISFA by virtue of its TILA violations, which are incorporated into RISFA by operation of Conn. Gen. Stat. § 36a-771(b), and Plaintiffs are entitled to a rescission of the contract and a return of all monies paid thereunder.

29. Stephen committed a second, independent violation of CUTPA through its actions in concealing the $3,938.93 worth of unrequested insurance charges.

4

30. By concealing the insurance charges, Stephen engaged in unfair or deceptive trade practices, in that its actions offend public policy as it has been established by statutes, the common law, or otherwise; were immoral, unethical, oppressive, or unscrupulous and are of a type that causes substantial injury to consumers, especially Plaintiffs.

31. As a result of the aforedescribed conduct Plaintiffs suffered ascertainable losses and damages including, but not limited to, $3,938.93 in excess charges, as well as costs associated with the interest accrued on those charges.

32. The aforedescribed conduct of Stephen was intentional, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to Plaintiffs' interests and the injury that they sustained, entitling them to punitive damages pursuant to CUTPA.

33. For Stephen's second violation of CUTPA, Plaintiffs are entitled to their damages, punitive damages and, in the discretion of the court, attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

34. Through its aforedescribed actions, Stephen has engaged in fraudulent conduct for which it is liable.

35. For Stephen's fraudulent conduct, Plaintiffs are entitled to rescission of the contract and a return of the amounts paid thereunder, as well as common law punitive damages.

36. On April 19, 2013, Plaintiffs, through counsel, sent written notice to Stephen and Connex, notifying each of the aforedescribed claims and their election to revoke acceptance of the Vehicle.

37. Plaintiffs are ready, willing, and able to return the Vehicle to the defendants upon tender by them of the amounts paid.

38. Under the terms of the Contract, Connex is liable to Plaintiffs for their claims against Stephen, limited to the amounts paid under the Contract, and, because Stephen was notified of Plaintiffs' claims in writing, Connex's liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

Wherefore, Plaintiffs claim, actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); a rescission of the contract and a return of the amounts paid thereunder; an order that acceptance of the Vehicle has been properly revoked; actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d); damages for fraud, and common law punitive damages for its fraud.

PLAINTIFFS BRIAN D'AMATO AND NANCY D'AMATO

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Hailey R. Gallant ct29150
hgallant@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457